IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ÁNGEL GARCÍA**<br><br>**Plaintiff,**<br><br>v.<br><br>**PROPERTY MARKETERS AND MANAGERS CORP. d/b/a PROMMA; MARTINAL PROPERTY CORP.; MAPFRE PRAICO INSURANCE COMPANY; JOHN DOES I-X, ABC INSURANCE COMPANIES; as well as any Other Joint Tortfeasors.**<br><br>**Defendants.** | CIVIL NO. 10-1909 (CCC)<br><br>TORT CLAIM FOR DAMAGES; NEGLIGENCE UNDER 31 L.P.R.A. §§ 5141, 5142<br><br>TRIAL BY JURY DEMANDED |

### MOTION TO DEEM ADMITTED THE REQUEST FOR ADMISSIONS SUBMITTED TO CO-DEFENDANT PROMMA ON MARCH 3, 2011

**TO THE HONORABLE COURT:**

**APPEARS NOW** the Plaintiff, through the undersigned attorney, and respectfully states and requests as follows:

**I. BACKGROUND**

On March 3, 2011 Plaintiff served PROMMA with a *First Set of Interrogatories, Request for Production of Documents and Request for Admission*s. On March 30, 2011, PROMMA requested and Plaintiff agreed to an extension until the end of the month to produce discovery. That is, Plaintiff and PROMMA agreed to an extension until April 30. On May 4, 2011, after the expiration of the April 30th term, Plaintiff requested from PROMMA its outstanding answers to Plaintiff's *First Set of Interrogatories, Request for Production of Documents and Request for*

*Admissions*. On May 9, 2011 and because PROMMA had failed to produce its discovery, Plaintiff e-mailed PROMMA with a final attempt to resolve.

Plaintiff filed two motions to compel PROMMA's *immediate* production of discovery as required by the Federal Rules of Civil Procedure. Although both motions were granted, the Court generously afforded PROMMA a final extension to answer discovery until June 10, 2011, see Docket No. 37. PROMMA **again** failed to comply. It does not take much more time or effort to answer a request for admissions than it takes PROMMA's counsel to file a motion for extension. It does not take looking through boxes of documents or even answering interrogatories, it is simply admitting or denying each statement. At present, PROMMA has two law firms defending its interests and still cannot abide by the Court's orders and the Federal Rules of Civil Procedure. Simply, put PROMMA is deliberately avoiding responses in order to prevent plaintiff from meeting the July 15, 2011 discovery deadline.

## II. APPLICABLE LAW

"[A] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of [certain] matters." Fed.R.Civ.P. 36(a)(1). Under Fed.R.Civ. P. 36(a)(3) "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." See Puerto Rico Am. Ins. Co. v. Rivera-Vazquez, 603 F.3d 125, 134 (1st Cir. 2010).

In fact, in the request for admissions themselves, Plaintiff forewarned through their counsel of record that any objections were required to be made in writing within thirty (30) days of service pursuant to Rule 36.

As the request for admissions were served on March 3, 2011, any objections were to be submitted by April 4, 2011. Assuming the agreed extension by plaintiffs for discovery included the request for admission until April 30, 2011. Even under the most liberal interpretation of the time afforded PROMMA, it had a firm June 10, 2011 deadline to respond to the request for admissions and it failed to do so. A mere 11th hour motion for extension (PROMMA filed it after the closing of business on Friday, June 10, 2011 at 7:05 pm) does not grant a party an automatic reprieve. To date, beyond all extensions granted, Plaintiff has received no written responses to any request for admissions.

Defendant PROMMA has had the request for admissions since March 3, 2011, well over ninety (90) days or three (3) times the 30 day period afforded by Fed.R.Civ.Proc. 36(a). PROMMA has decided to avoid answering them and spend valuable time requesting extension after extension or opposing motions to compel with weak and unconvincing excuses at best. If the Court does not enforce the Federal Rules of Procedure and its own standing orders, they will be ignored and rendered useless. Plaintiff cannot diligently move the case and meet the Court's deadlines, if Defendants are allowed to ignore the court orders and the Federal Rules of Procedure with impunity.

**ADMISSIONS ARE AUTOMATICALLY ADMITTED BY OPERATION OF RULES**

As a result of the passage of thirty (30) days from service, each matter included in the request for admissions is deemed admitted. See Rivera-Vazquez, 603 F.3d 125 at 134; An-Port, Inc. v. MBR Industries, Inc., 772 F.Supp.1301, 1305 (D. Puerto Rico, 1991) (failure to respond resulted in "automatic admission of all the requests contained therein."); Microsoft Corp. V. PC

Exp., 183 F.Supp.2d 448, 450, 454, 455 (D. Puerto Rico, 2001) ("having failed to answer the Request for Admissions, the Court deems the following facts admitted by Defendants... Lastly, the Court cannot overlook and fail to underscore that, pursuant to Fed.R.Civ.Proc. 36(a), Defendants have admitted to the illegal sale of the copyrighted software programs when they failed to file a written and signed answer or object to Microsoft's written request for the admission of the truth of the matter").

Given that more than 90 days have passed since March 3, 2011, the day in which Plaintiff served upon PROMMA his request for admissions, the court should deem admitted the matters limned therein. Since PROMMA has not "serve[d] on [Plaintiff] a written answer or objection addressed to the matter and signed by the party or its attorney," Fed.R.Civ. P. 36(a)(3), the admissions are admitted by operation of law, see ibid; Rivera-Vazquez, 603 F.3d 125 at 134.

Plaintiff respectfully requests that this Honorable Court take note that all possible extensions for PROMMA to comply lapsed on June 10, 2011 and no objections or responses to the March 3, 2011 request for admissions have been made and hence, all matters included therein are deemed admitted by automatic operation of the Federal Rules of Procedure and applicable law.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court **GRANT** this motion and **DEEM ADMITTED** all matters included in the Requests for Admissions attached as Exhibit 1 of this motion.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on this 13th day of June, 2011.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I filed the

preceding motion with the Court's CM/ECF system which will notify all counselors of record.

                  **INDIANO & WILLIAMS, P.S.C.**
                  207 Del Parque Street, 3rd Floor
                  San Juan, P.R. 00912
                  Tel: (787) 641-4545/ Fax: (787) 641-4544
                  jeffrey.williams@indianowilliams.com

                  s/ Jeffrey M. Williams
                  **JEFFREY M. WILLIAMS**
                  USDC PR Bar No. 202104