IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL GARCIA<br><br>Plaintiff<br><br>vs<br><br>PROPERTY MARKETERS AND MANAGERS CORP. d/b/a PROMMA; REAL LEGACY ASSURANCE CO., INC.; MARTINAL PROPERTY CORP.; MAPFRE/PRAICO INSURANCE COMPANY; ACE INSURANCE COMPANY; JOHN DOES I-X; ABC INSURANCE COMPANIES, as well as any other Joint Tortfeasors<br><br>Defendants | CIVIL 10-1909CCC |

**EVIDENTIARY RULINGS**

Before the Court is the Joint Omnibus Motion in Limine for Evidentiary Rulings filed by defendants Martinal Property Corp., Property Marketers and Managers Corp. and MAPFRE on February 7, 2012 (**docket entry 79**) and plaintiff's opposition filed on February 21, 2012 (docket entry 81). Defendants attack the admissibility as irrelevant and hearsay of ten prior incident reports announced by plaintiff listed at item 10 of plaintiff's proposed exhibits in the Joint Proposed Pretrial Order (docket entry 68). Movants also request that no evidence of liability insurance reach the jury nor testimony of decedent's three sons or witness Domitila Ortiz regarding decedent's medical condition. Plaintiff argues in his opposition that the prior incidents "are relevant to establish that . . . Defendants were on notice that people were falling and getting injured on the ramps" at the housing project, and, therefore, were aware "of a potential defect in their ramps and the dangerous conditions on their property." Opposition, at p. 4. Regarding the lay witnesses, plaintiff states that three of the witnesses, except for plaintiff Angel García, saw and talked to the decedent after the accident and can give their impressions on whether she spoke clearly, responded to them and made expressions of pain. Regarding plaintiff Angel García's

CIVIL 10-1909CCC                              2

testimony, he claimed that because he is a registered nurse he has the training and knowledge required to provide "helpful testimony regarding Ms. Ortiz' medical condition that could even be characterized as expert in nature . . . akin to the testimony of a treating physician . . ." and that "he can provide factual testimony regarding what was communicated to Ms. Andrea Ortiz [his mother] and can corroborate her pre-incident medical condition, [i]n particular, he personally attended Ms. Ortiz' pre-incident neurologic evaluation" and can give "opinions gathered as a result of his nursing background with respect to his mother's medical condition." Opposition, at pp. 6-7. As to García, it is also contended that the "deteriorating medical condition of Ms. Ortiz which [was] communicated to Plaintiff establishes a component of [his] own pain and suffering." Id., at p. 7. Lastly, he opposes the Daubert challenge against his expert witness Dr. Francisco Landrón, forensic pathologist.

The Court RULES as follows on the evidentiary issues outlined above:

(1)   Prior incident reports - A review of the ten incident reports reflects that none of the accidents described therein occurred at the ramp of Building 90, which is the site of the accident in this case. The similarity of circumstances pointed out by plaintiff are that all these incidents occurred in the same housing project, Lloréns Torres, and at ramps. Many of these reports refer to the interior part of the buildings, specifically corridors (report dated 3/14/08). Two of them refer to slipping on gravel (reports dated 11/22/05 and 6/24/03); with wet ramps (reports of 12/12/06, 10/4/01). Others have to do with ramps for the handicapped (reports of 2/4/02, 11/22/05, 10/4/01, 7/15/05). Additionally, the several reports are dated: one in 2001, two in 2002, two in 2003, one in 2004, two in 2005, one in 2006, and one in 2008. Not only has plaintiff failed to establish the similarity between the circumstances described in the accident in this case and the prior incidents reported, since they all involve different locations within the residential complex, they have also failed to show proximity in time between the accident which is the object of this lawsuit on

CIVIL 10-1909CCC                                            3

January 10, 2010 and those past incidents which range from as early as 2001 to early 2008. Accordingly, the Motion in Limine is GRANTED as to the prior incident reports.

      (2)      Insurance policies - As to the admissibility of the insurance policies, movants will reply by APRIL 12, 2012 to plaintiff's arguments that (a) the MAPFRE insurance policy establishes proof of control by defendants over the housing project and (b) defendants themselves listed such policy as an exhibit in docket entry 68.

      (3)      Testimony of Ortiz' physical condition - The objection raised by defendants is to the admission of lay witnesses' testimony regarding the decedent's medical condition. Plaintiff evades the evidentiary issue by stating at page 6 that "lay witness testimony should certainly be permitted regarding any actual impressions perceived by the witnesses . . ." However, he then adds: ". . . and any lay opinions they had regarding Ms. Ortiz' condition." A review of plaintiff's Motion in Compliance with Order to Submit More Specific Witness' Proffers filed on December 22, 2011 (docket entry 77) reflects in its relevant portion the following" (1) Angel García-Ortiz . . . will testify regarding communications with his family and physicians regarding his mother's condition and worsening health;" (2) Domitila Ortiz-Rodríguez (friend) will testify "as to what she observed and experienced when she was in the presence of her friend Andrea Ortiz;" Motion, at p. 2; (3) Rubén García-Ortiz "will testify what he observed and communicated with his mother and family members and physicians while [she] was hospitalized . . .," id., at p. 3; and (4) Tirza García-Ortiz (daughter) will testify regarding "communications with family and physicians regarding Andrea Ortiz' condition and worsening health . . .," id., at p. 3.

      The specific proffers of plaintiff and the two siblings are classical hearsay. They bring in out-of-court statements of third parties regarding decedent's medical condition to prove the existence of such a condition at a given time. Regarding the portion of the specific proffer of Domitila Ortiz quoted above, the same is void of specific content. Plaintiff García's opposition to the in-limine motion fares no better. As to the proffered opinion testimony of

CIVIL 10-1909CCC                                4

Rubén and Tirza as lay witnesses regarding the decedent's medical condition, their testimony would require specialized knowledge within the scope of Federal Rule of Evidence 702 on expert testimony.  Therefore, said testimonies do not qualify as lay opinions.

The argument as to the admissibility of plaintiff Angel García's testimony regarding his mother's condition is also unacceptable.  The fact that he is a registered nurse does not qualify him as an expert in this case nor is he a treating physician.  Additionally, communications gathered as to what others may have communicated to him about his deceased mother which relate to her pre or post-accident medical condition are also inadmissible hearsay.  The pre-incident medical records have been announced by plaintiff as exhibits.  Therefore, any information related to her pre-incident medical condition must be taken from this source.  As to her medical condition after the accident and during her stay at the Medical Center, the same would have to be established by records of treating physicians.  Item 5 of plaintiff's documentary evidence refers to certified copies of the records from the Medical Center.  These records, however, cannot be interpreted by a lay person.

It must be noted that the cause of death of plaintiff's mother is a major issue. Plaintiff's expert, Dr. Francisco Landrón, has been offered "to provide expert medical testimony regarding the cause of Ms. Ortiz' death, e.g. that the fall caused a brain hemorrhage and was the direct cause of her death."  Defendants' expert, on the other hand, Dr. Bonilla de Franceschini, anatomical and clinical pathologist, will provide "expert medical testimony regarding the cause of Ms. Ortiz' death, e.g. a massive intra-cerebral hemorrhage of the right parietal-temporal lobe due to small vessel disease, complications of uncontrolled systemic essential hypertension, which was the direct cause of her death."  It is troublesome that plaintiff and his attorneys should insist on obliterating the line between lay witnesses

CIVIL 10-1909CCC                              5

and expert witnesses, especially in a case in which the cause of death is a hotly debated issue that can only be presented to the jury through the testimony of medical experts.

The Motion in Limine related to the proffer of plaintiff's witnesses to the deceased's medical condition or as to information obtained by them from third parties of such condition is GRANTED.

(4)   Daubert challenge - Defendants' Daubert challenge of plaintiff's expert, Dr. Francisco Landrón, is DENIED as untimely.

SO ORDERED.

At San Juan, Puerto Rico, on March 26, 2012.

S/CARMEN CONSUELO CEREZO
United States District Judge